IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| CAROLYN ROSEMARY ESPINA STANTON, | ) ) ) | CV. NO. 09-00404 DAE-LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO COUNTRYWIDE BANK, N.A., LOAN NETWORK LLC, FIDELITY NATIONAL TITLE & ESCROW OF HAWAII, INC., JOHN DOES 1-10, JANE DOES 1-10, and DOE CORPORATIONS, PARTNERSHIPS AND OTHER ENTITIES 1-10, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. _____ | ) ) | |

AMENDED ORDER DENYING FIDELITY NATIONAL TITLE & ESCROW
OF HAWAII, INC.'S MOTION FOR RECONSIDERATION

The Court amends its September 30, 2010 order to correct typographical error.

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant Fidelity National Title & Escrow of Hawaii, Inc.'s ("Fidelity") motion and the supporting and opposing

memoranda, the Court **DENIES** Defendant's Motion for Reconsideration (Doc. # 46) of this Court's "Order Granting in Part With and Without Prejudice and Denying in Part Defendant Fidelity National Title & Escrow of Hawaii's Motion for Summary Judgment," entered on July 30, 2010. (Doc. # 42.) The Court addresses Fidelity's Motion below. Additionally, the Court will issue an Amended Order Granting in Part with and Without Prejudice and Denying in Part Defendant Fidelity National Title & Escrow of Hawaii's Motion for Summary Judgment that addresses the issues raised herein.

## BACKGROUND

As the parties and the Court are very familiar with the background and procedural history of this case, the Court will limit its discussion of the background to those facts relevant to determination of the instant Motion.

On July 30, 2010, this Court issued an Order Granting in Part with and Without Prejudice and Denying in Part Defendant Fidelity National Title & Escrow of Hawaii's Motion for Summary Judgment ("MSJ Order"). ("MSJ Order," Doc. # 42.) On August 13, 2010, Fidelity filed a Motion for Reconsideration of the Court's MSJ Order ("Motion"). ("Mot.," Doc. # 46-1.) On August 16, 2010, Fidelity filed an Errata to its Motion ("Errata"). ("Errata," Doc. # 47.) On August 20, 2010, defendant Bank of America, N.A., Successor by

Merger to Countrywide Bank, N.A. ("Bank of America") filed a Substantive Joinder to Fidelity's Motion. (Doc. # 48.) On August 27, 2010, Plaintiff Carolyn Rosemary Espina Stanton ("Plaintiff") filed an Opposition to Fidelity's Motion. ("Opp'n," Doc. # 49.) On September 10, 2010, Fidelity filed a Reply in support of its Motion. ("Reply," Doc. # 50.) On the same day, Bank of America filed a Reply in support of its Substantive Joinder to Fidelity's Motion. (Doc. # 51.)

## STANDARD OF REVIEW

Plaintiff filed the instant Motion to Reconsider pursuant to Federal Rule of Civil Procedure ("Rule") 60 and Local Rule 60.1. Rule 60(b) provides that the Court may grant relief from an order for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence;
    (3) fraud, misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; or
    (6) any other reason that justifies relief.

See Fed. R. Civ. P. 60(b). The District of Hawai`i has implemented these federal standards in its Local Rule 60.1. Reliance Insurance Co. v. The Doctors Company, 299 F. Supp. 2d 1131 (D. Haw. 2003). Under Local Rule 60.1, motions for reconsideration may be brought only upon the following grounds:

3

    (a) discovery of new material facts previously not available;
    (b) intervening change in law;
    (c) manifest error of law or fact.

A motion for reconsideration must "[f]irst . . . demonstrate some reason why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (internal citations omitted). Here, Plaintiff asserts that reconsideration is appropriate based upon Local Rule 60.1(c) "manifest error of law or fact."

## DISCUSSION

In the MSJ Order, the Court found that Fidelity owed a duty to Plaintiff to provide her with a copy of the Loan documents at closing pursuant to the Lender's Closing Instructions.[1] (MSJ Order at 18.) It was not disputed below that Fidelity did not provide Plaintiff with the Loan documents until well after closing of the Loan. Accordingly, this Court found that Plaintiff plausibly alleged that Fidelity's failure to timely provide the Loan documents caused Plaintiff to enter into the Loan on differing terms from those anticipated because a genuine issue of material fact remained as to whether Plaintiff would have rescinded the

---

[1] Plaintiff's "Loan" is defined in this Court's MSJ Order.

Loan if she had been provided the Loan documents in a timely fashion. (See id. at 23.)

By its instant Motion, Fidelity now asserts that its alleged failure to timely provide Plaintiff with copies of Loan documents did not, as a matter of law, prevent her from exercising her three day right of rescission under 15 U.S.C. § 1635(a). (Mot. at 1.) In support, Fidelity asserts that

> [1] Plaintiff's counsel provided . . . her Rule 26(a)(1) disclosures - - which included the Notice of Right to Cancel dated February 1, 2007 (the "Notice") - - after Fidelity Escrow's Motion for Summary Judgment,
>
> [2] 15 U.S.C. § 1635(a) provides that Plaintiff's right to rescind is the later of (1) 3 business days after the transaction or (2) 3 business days after the Loan documents were delivered, which is consistent with the Notice received by Plaintiff on or about February 12, 2007, and
>
> [3] As a matter of law, Plaintiff's receipt of the Loan documents on or about February 12, 2007 did not prevent her from exercising her right to rescind.

(Id. at 2.) Fidelity argues that if this Court had been able to review Plaintiff's Notice of Right to Cancel[2] ("Notice") before issuing the MSJ Order, the Court

---

[2] Fidelity blames Plaintiff for the failure to present the Notice of Right to Cancel ("Notice") to this Court because Plaintiff did not produce documents pursuant to her Rule 26(a)(1) disclosures, including the Notice, until Friday, June 25, 2010—after Fidelity Escrow had filed its Motion for Summary Judgment and after Plaintiff filed her opposition. (See Mot., Declaration of Laura P. Moritz "Moritz Decl." ¶ 3, 4.) In response, Plaintiff asserts that the Notice could have

(continued...)

would have found that Plaintiff was informed at the time she received the Loan documents that her right to rescind "would expire on the <u>later</u> of three events: the opening date of her account, the date she received her disclosures, <u>or</u> the third business day after she received the notice[]" and therefore Fidelity's actions did not prevent her from rescinding the Loan. (<u>Id.</u> at 4-5 (emphasis in original).) Accordingly, Fidelity asserts that there is no genuine issue of material fact as to whether Plaintiff would have rescinded the Loan if she had been provided the Loan documents in a timely fashion because she had three days after the receipt of the documents to rescind. (<u>Id.</u> at 5-13.) In opposition, Plaintiff argues that the Notice, which stated February 5, 2007 as the last day to cancel the transaction, was a technical violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-166f, and thereby deprived Plaintiff of TILA's protections and entitles her to a three-year rescission period. (Opp'n at 2.)

        In the MSJ Order, the Court granted in part and denied in part Fidelity's Motion for Summary Judgment ("MSJ," Doc. # 31). (MSJ Order.) The

---

²(...continued)
been included in Fidelity's reply as it was produced prior to when Fidelity filed its reply and more than two weeks before the hearing. (<u>See</u> Opp'n at 19.) Moreover, Plaintiff states that Notice was initially completed by Fidelity and later provided by Fidelity to Plaintiff at signing. (<u>Id.</u>; Mot., Ex. A (Plaintiff signed the Notice on the date of signing, February 1, 2007.) The Court agrees with Plaintiff that Fidelity may not argue now that it was surprised by the Notice's existence.

Court's basis for denying Fidelity's MSJ as to Plaintiff's claims of breach of fiduciary duty, violation of HRS § 480-2, and aiding and abetting was Fidelity's alleged failure to timely provide Plaintiff with the Loan documents.  (See MSJ Order at 20-22, 24, 31-32, 46.)  The Court explained the issue and its decision as follows:

> Fidelity Escrow argues that Plaintiff cannot show that she would have rescinded the loan during the three-day period provided by TILA[] had she received the Loan documents a[t] signing, and therefore, Plaintiff cannot show that Fidelity Escrow's actions caused her damage.  In support, Fidelity Escrow states that the fact that Plaintiff does not dispute that copies of the fully executed Loan documents were made available to her on approximately February 12th or 13th 2007 or that Plaintiff noticed the alleged discrepancy in terms not long after she picked up the documents (DCSF, Declaration of Carolyn Stanton "Stanton Decl." ¶¶ 21, 22) is inconsistent with Plaintiff's argument that had she been " . . . provided the loan documents . . . on February 1, 2007, [she] would have rescinded the transaction on or before February 5, 2007[]" (id. ¶ 30).
>
> As detailed above, Plaintiff signed the Loan on February 1, 2007.  The Loan recorded on February 12, 2007.  Plaintiff states that "as soon as" the alleged discrepancy in the Loan rates and other Loan terms was discovered, Plaintiff attempted to call her broker at Loan Network but Plaintiff's calls were never returned.  (Id. ¶ 28.)  However, it seems from the facts before the Court that, as Fidelity Escrow alleges, Plaintiff waited over two years before initiating any adverse action or formally objecting to the $330,000 cash Loan.  (See Compl. ¶¶ 72-76.)  Plaintiff argues that throughout this period of time Plaintiff was attempting to negotiate new terms of the Loan with Countrywide [the lender].

> Nonetheless, the Court finds that contrary to Fidelity Escrow's argument, Plaintiff's actions after the Loan was completed is not necessar[ily] indicative of what Plaintiff may have decided if provided the opportunity to review the Loan documents prior to the expiration of the three day TILA rescission period. Plaintiff has plausibly alleged causation and damages, i.e., that Fidelity Escrow's failure to provide Plaintiff with the documents caused Plaintiff to enter into the Loan on differing terms from those anticipated. Therefore, a genuine issue of material fact remains as to whether Plaintiff would have rescinded the loan if she had been provided the Loan documents in a timely fashion.

(Id. at 20-22.) As to Plaintiff's right to rescind, the Court specifically noted that

> Under TILA, if a loan is secured by a debtor's primary residence, "the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms ... whichever is later." 15 U.S.C. 1635(a).

(Id. at 20 n.2 (emphasis added).) Because the Notice of Right to Cancel was not submitted to the Court, nor raised by the parties, the Court did not discuss its effect on Plaintiff's ability to rescind. However, as explained below, this discussion was, and is, not necessary because the claims levied by Plaintiff against Fidelity do not concern whether as a matter of law Plaintiff could have rescinded, but instead Plaintiff's claims involve whether Plaintiff would have rescinded if not for Fidelity's breach of duty.

Nevertheless, in the course of making its decision as to Fidelity's MSJ, the Court considered the possibility that the delivery of the Loan documents

and Notice provided a rescission date under TILA other than February 5, 2007 (see MSJ Order at 20 n.2) but declined to decide the issue under TILA due in part[3] to the fact that Fidelity, through Fidelity Escrow Officer Dot Yoza ("Yoza"), clearly and unequivocally informed Plaintiff in an email on February 5, 2007 (before Plaintiff received her Notice on or about February 12th) that her right to rescind would expire on February 5, 2007 based on the signing of the mortgage documents on February 1, 2007. (See Plaintiff's Concise Statement of Facts, Doc. # 36, Ex. 3, Doc. # 36-5.) Specifically, Yoza's February 5, 2007 email stated in full:

> Carolyn and Tim - FYI: your mortgage broker has not delivered the signed mortgage documents to my office as of 3:33 p.m. today. The right of rescission will expire 12 midnight 02/05/07 - based on Carolyn's signing of the documents on Thursday 02/01/07.
>
> If all funding conditions have been met, the transaction should fund tomorrow 02/06/07.[4] However, Fidelity will not be able to set up the recording until 2 business days from receipt of the documents. Per my telephone discussion with Robin this morning - she will deliver the documents when the notary public has completed the acknowledgment.
>
> Thank you[.]

---

[3] This decision was also based on the fact that a determination as to when Plaintiff's right to rescind expired would have required speculation by this Court and a decision on a TILA matter not before the Court.

[4] Plaintiff additionally asserts that a cause of action exists under TILA as to Fidelity's premature funding of the Loan. (See Opp'n at 18-19.) This claim is not raised in the current Complaint.

(Id.) Fidelity's affirmative statement regarding the date of rescission separates this case from one in which the right of rescission was merely provided by the Notice.

The question before the Court on the MSJ was not whether Plaintiff stated a violation of TILA; in fact, Plaintiff has no TILA claims against Fidelity. Instead, the claims raised before the Court included whether Fidelity's actions constituted a breach of fiduciary duty, whether under HRS § 480-13 Fidelity was liable for an unfair or deceptive act or practice forbidden or declared unlawful by HRS § 480-2, and whether Fidelity aided and abetted Defendant Loan Network LLC ("Loan Network") and the lender Countrywide Bank, N.A. ("Countrywide") in the commission of unfair business practices or fraud. (See MSJ Order.) As to all of these claims, the Court found that a genuine issue of material fact existed as to whether Plaintiff would have rescinded the Loan before her right to rescind expired if not for Fidelity's actions. The Court did not decide that Plaintiff's right to rescind necessarily expired on February 5, 2007. Yoza's email simply provides Plaintiff an additional factual basis on which to support her claims against Fidelity. See In re Rede, 106 F.3d 408 (9th Cir. 1997)[5] (unpublished) (finding TILA statute of limitations did not bar plaintiff's negligent misrepresentation claim against

---

[5] Ninth Circuit Rule 36-3 provides that unpublished dispositions and orders "are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion."

escrow agent); Phleger v. Countrywide Home Loans, Inc., No. C 07-1686 SBA, 2008 WL 65771 (N.D. Cal. Jan 04, 2008) (unpublished) (plaintiff's claim to a right of a rescission notice was not based upon a statute, but instead based upon the language of the escrow agreement, and therefore independent of TILA, plaintiff stated claims based upon the allegation that the rescission notice of the escrow agreement was not complied with); Jones v. E*Trade Mortg. Corp., 397 F.3d 810 (9th Cir. 2005).

In Jones v. E*Trade Mortg. Corp., 397 F.3d 810 (9th Cir. 2005), the Ninth Circuit found that despite the plaintiff's receipt of a "Notice of Right to Cancel,"[6] what Plaintiff's right to rescind under TILA included was not clear to him because of oral statements and written documents provided to the plaintiff by the lender that were extraneous to and inconsistent with the TILA notice. Id. at 811-13.  Therefore, the Ninth Circuit found that Plaintiff stated a claim under TILA for failure of the lender to provide the "clear and conspicuous" disclosure of rescission rights required by 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23(b).  Id. Taking all the facts in the light most favorable to Plaintiff, this Court found, and

---

[6] The Court notes that in Jones, like here, the Notice of Right to Cancel provided an expiration date of September 26, 2001, three days after the date of the transaction.  However, it is unclear in Jones when plaintiffs' received their TILA disclosures.  Jones, 397 F.3d at 811-12.

11

continues to hold, that a genuine issue of material fact remains as to whether Plaintiff would have rescinded the loan if she had been provided the Loan documents at closing, especially in light of Fidelity's inaccurate, and potentially greatly misleading statement regarding Plaintiff's right to rescind.

The Court's holding is further bolstered by the Notice that Fidelity now submits to the Court for review, which provided Plaintiff with explicit notice of a February 5, 2007 cancellation date, while also noting that the cancellation date could be later depending on other listed events.  Generally, in a consumer credit transaction in which a security interest is retained in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest has the right to rescind the transaction until midnight of the third business day following the latest of three events: (1) consummation of the transaction, (2) delivery of the required rescission notice, or (3) delivery of all "material disclosures." 15 U.S.C. § 1635(a); 12 C.F.R. §§ 226.15(a)(3), 226.23(a)(3).  The notice of the right to rescind must "clearly and conspicuously disclose" "[t]he date the rescission period expires." 12 C.F.R. §§ 226.15(b)(5), 226.23(b)(1)(v); see 15 U.S.C. § 1635(a).  If the required rescission notice or any material disclosure is not delivered, the right to rescind expires three years after consummation or, for credit plans, three years after the occurrence that gave rise to

the right of rescission. 15 U.S.C. § 1635(f); 12 C.F.R. §§ 226.15(a)(3), 226.23(a)(3).

      Here, Plaintiff's Notice read:

You have a legal right under federal law to cancel the security interest applicable to the remainder of the funds available in your account ("the Nonpurchase Portion"), without cost, within three days after the latest of the following events:

    1. the opening date of your account which is <u>2/1/2007</u> [handwritten date];
                   or
    2. the date you received your Truth-in-Lending disclosures;
                   or
    3. the date you received this notice of your right to cancel the account.


    [. . .]

---

**How to Cancel:** If you decide to cancel the account, you may do so by notifying us, in writing, at:

Countrywide Bank, N.A.
841 BISHOP ST. SUITE 1530
HONOLULU, HI 96813

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice no matter how you notify us because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of <u>2/5/2007</u> ==(or midnight of the third business day following the latest of the three events listed above).== If you send or deliver your written notice to cancel some other way it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

_____  _____
Consumer's Signature                                               Date

(Mot., Ex. A (emphasis added by Fidelity for purposes of the instant Motion and not included in the original provided to Plaintiff).) The fact that the Notice also provided Plaintiff with a rescission date of February 5, 2007 may have further misled Plaintiff regarding her ability to rescind.

Although the Court does not decide the TILA issue raised by Fidelity's Motion, the Court will briefly discuss the grounds upon which Fidelity asks for reconsideration. Fidelity uses its entire Motion to argue that the Court should follow the First Circuit, specifically Melfi v. WMC Mortg. Corp., 568 F.3d 309 (1st Cir. 2009), cert. denied, 130 S. Ct. 1058 (2010), in finding that the fact that the Notice contained a date that was earlier than the latest day on which Plaintiff could rescind under the law does not make the rescission notice deficient under TILA, 15 U.S.C. § 1635(a), because a reasonable person would have understood the notice. (See Mot. at 11-13.) However, nowhere in Fidelity's Motion does it state that controlling Ninth Circuit precedent is directly contrary to the First Circuit's decision in Melfi. Indeed, Melfi acknowledges that the Fifth and Ninth Circuits require technical compliance with TILA. Melfi, 568 F.3d at 312, n.1. In fact, it is not until Fidelity submitted the Errata to its Motion that it acknowledged controlling Ninth Circuit precedent, albeit in a footnote, where defense counsel stated:

> Melfi is cited herein by way of illustration. We point out that the Ninth Circuit does not subscribe to the First Circuit's treatment of "blank" notices to right to cancel which omit the expiration date. See Semar v. Platte Valley Federal Savings & Loan Ass'n, 791 F.2d 699, 704 (9th Cir. 1986).

(Errata, Ex. 1 at 13.).[7] In its Errata, Fidelity also urges this Court to follow the First Circuit's decision in Palmer v. Champion Mortg., 465 F.3d 24 (1st Cir. 2006). (Id. at 11-12.) Bank of America's Substantive Joinder also relies upon First Circuit precedent, although it acknowledges the presence of Ninth Circuit case law regarding the manner in which the Ninth Circuit determines violations of TILA. See Jackson v. Grant, 890 F.2d 118, 120 (9th Cir. 1989) (citing Semar, 791 F.2d at 704) (to effectuate TILA's purpose, "[e]ven technical or minor violations of the TILA impose liability on the creditor[,]" thus, the Ninth Circuit has held that the TILA and its accompanying regulations must be "absolutely complied with and strictly enforced.")).

  This Court agrees with Plaintiff that there can be no dispute that the rescission notices provided to Plaintiff on or after February 12, 2007 did not state the specific date on which Plaintiff's right to rescind expired under TILA—three

---

[7] The Court has grown weary with counsel for Fidelity's failure to be fully candid with this Court. In the MSJ below, defense counsel misstated case law. Here, defense counsel originally failed to cite to controlling Ninth Circuit precedent.

business days after the date on which the Loan documents and notices were actually provided to her.  The Ninth Circuit has yet to squarely decide the issue of whether the Notice provided to Plaintiff would be considered a technical violation of TILA.  Moreover, because of the Court's discussion above, the Court need not, and may not, decide this issue at the present juncture because it is not properly raised before this Court.  Regardless of whether the Notice was on its face misleading, here in addition to an explicit February 5, 2007 rescission date on Plaintiff's Notice, Yoza specifically informed Plaintiff that the rescission date was February 5, 2007—a date that had already passed when Plaintiff received the Loan documents—instead of the latest date of rescission under statute, which was three days after Plaintiff would receive the Loan documents.

        For all the reasons above, a genuine issue of material fact remains as to whether Plaintiff would have rescinded the loan if she had been provided the Loan documents at closing.  This finding is based in part on Fidelity's inaccurate statement regarding Plaintiff's right to rescind and on the Notice, which provided Plaintiff with an February 5, 2007 rescission date.  This point will be clarified in the Court's Amended MSJ Order.  Accordingly, the Court **DENIES** Defendant's Motion.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion for Reconsideration of Order Granting in Part With and Without Prejudice and Denying in Part Defendant Fidelity National Title & Escrow of Hawaii's Motion for Summary Judgment Entered on July 30, 2010.  (Doc. # 46.)  Additionally, the Court will issue an Amended Order Granting in Part With and Without Prejudice and Denying in Part Defendant Fidelity National Title & Escrow of Hawaii's Motion for Summary Judgment.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i, October 18, 2010.



_____
David Alan Ezra
United States District Judge

Stanton v. Bank of America, N.A., et al., Cv. No. 09-00404 DAE-LEK; AMENDED ORDER DENYING FIDELITY NATIONAL TITLE & ESCROW OF HAWAII, INC.'S MOTION FOR RECONSIDERATION